UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


ANDREW LEE ROGERS,

          Petitioner,

vs.                                    Case No. 3:17-cv-100-J-25MCR

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

          Respondents.

_____

### ORDER

### I.  INTRODUCTION

Petitioner, Andrew Lee Rogers, is proceeding on a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Petition) (Doc. 1).  He challenges his state court (Duval County) conviction for sale or delivery of cocaine and sale of cannabis.  Respondents responded in their Answer to Petition for Writ of Habeas Corpus (Response) (Doc. 13).[1]  Petitioner filed a Reply to State's Answer (Doc. 16).  The Petition is timely filed. Response at 15.

_____

[1] The Court will hereinafter refer to the Exhibits to Answer to Petition for Writ of Habeas Corpus (Doc. 13) as "Ex."  Where provided, the page numbers referenced in this opinion are the Bates stamp numbers at the bottom of each page of the exhibit. Otherwise, the page number on the document will be referenced.

## II.  EVIDENTIARY HEARING

"In a habeas corpus proceeding, the burden is on the petitioner to establish the need for an evidentiary hearing." Jones v. Sec'y, Fla. Dep't of Corr., 834 F.3d 1299, 1318 (11th Cir. 2016) (citations omitted), cert. denied, 137 S. Ct. 2245 (2017). See Chavez v. Sec'y, Fla. Dep't of Corr., 647 F.3d 1057, 1060 (11th Cir. 2011) (opining a petitioner bears the burden of establishing the need for an evidentiary hearing with more than speculative and inconcrete claims of need), cert. denied, 565 U.S. 1120 (2012); Dickson v. Wainwright, 683 F.2d 348, 351 (11th Cir. 1982) (same). A petitioner must make a specific factual proffer or proffer evidence that, if true, would provide entitlement to relief. Jones, 834 F.3d at 1319 (citations omitted). Conclusory allegations will not suffice. Id.

In this case, the pertinent facts are fully developed in this record or the record otherwise precludes habeas relief;[2] therefore, the Court can "adequately assess [Petitioner's] claim[s] without further factual development," Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004). Petitioner has not met his burden as the record refutes the asserted factual allegations or otherwise precludes habeas relief.

---

2 The Court notes Petitioner received an evidentiary hearing on some post-conviction grounds in state court.

Thus, the Court finds Petitioner is not entitled to an evidentiary hearing. Schriro v. Landrigan, 550 U.S. 465, 474 (2007).

### III.   PETITION

The Petition presents four grounds: (1) the ineffective assistance of counsel for failure to move to withdraw an involuntary plea once appointed as conflict counsel; (2) the trial court erred in failing to confirm that Petitioner was personally aware of the consequences of his plea prior to the court's acceptance of the plea; (3) the ineffective assistance of counsel for failure to offer any relevant assistance at sentencing; and (4) the improper sentencing of Petitioner as a habitual felony offender without required confirmation of habitual status.

### IV.   STANDARD OF REVIEW

Petitioner seeks habeas relief, claiming to be detained "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3). In undertaking its review, this Court must recognize that its authority to award habeas corpus relief to state prisoners "is limited-by both statute and Supreme Court precedent." Knight v. Fla. Dep't of Corr., 936 F.3d 1322, 1330 (11th Cir. 2019). The relevant statute, the Antiterrorism and Effective Death Penalty Act (AEDPA), governs a state prisoner's federal petition for habeas corpus and limits a federal court's authority to award habeas relief. See 28 U.S.C. § 2254; Shoop v.

Hill, 139 S. Ct. 504, 506 (2019) (per curiam) (recognizing AEDPA imposes "important limitations on the power of federal courts to overturn the judgments of state courts in criminal cases").

Applying the statute, federal courts may not grant habeas relief unless one of the claims: "(1)'was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,' or (2) 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.' 28 U.S.C. § 2254(d)." Nance v. Warden, Ga. Diagnostic Prison, 922 F.3d 1298, 1300-1301 (11th Cir. 2019), petition for cert. filed, (U.S. Dec. 9, 2019) (No. 19-6918). The Eleventh Circuit recently explained,

> A decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams [v. Taylor, 529 U.S. 362 (2000)] at 413, 120 S. Ct. 1495. A state court decision involves an unreasonable application of federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. To justify issuance of the writ under the "unreasonable application" clause, the state court's application of Supreme Court precedent must be more than just wrong in the eyes of the federal court; it "must be 'objectively unreasonable.'"

> Virginia v. LeBlanc, --- U.S. ----, 137 S. Ct.
> 1726, 1728, 198 L.Ed.2d 186 (2017)(quoting
> Woods v. Donald, --- U.S. ---, 135 S. Ct. 1372,
> 1376, 191 L.Ed.2d 464 (2015)); see also Bell
> v. Cone, 535 U.S. 685, 694, 122 S. Ct. 1843,
> 152 L.Ed.2d 914 (2002) (explaining that "an
> unreasonable application is different from an
> incorrect one.").

Knight, 936 F.3d at 1330-31.

Thus, to obtain habeas relief, the state court decision must unquestionably conflict with Supreme Court precedent, not dicta. Harrington v. Richter, 562 U.S. 86, 102 (2011). If some fair-minded jurists could agree with the lower court's decision, habeas relief must be denied. Meders v. Warden, Ga. Diagnostic Prison, 911 F.3d 1335, 1351 (11th Cir. 2019), cert. denied, 140 S. Ct. 394 (2019). As noted in Richter, unless the petitioner shows the state court's ruling was so lacking in justification that there was error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement, there is no entitlement to habeas relief. Burt v. Titlow, 571 U.S. 12, 19-20 (2013).

A district court is not obliged "to flyspeck the state court order or grade it." Meders, 911 F.3d at 1349. Moreover, even state court rulings for which no rationale or reasoning is provided are entitled to AEDPA deference, "absent a conspicuous

misapplication of Supreme Court precedent." Id. at 1350 (citation and quotation marks omitted).

Of importance, a state court's finding of fact, whether a state trial court or appellate court, is entitled to a presumption of correctness under 28 U.S.C. § 2254(e)(1). But, this presumption of correctness applies only to findings of fact, not mixed determinations of law and fact. Brannan v. GDCP Warden, 541 F. App'x 901, 903-904 (11th Cir. 2013) (per curiam) (recognizing the distinction between a pure question of fact from a mixed question of law and fact), cert. denied, 573 U.S. 906 (2014).

Where there has been one reasoned state court judgment rejecting a federal claim followed by an unexplained order upholding that judgement, federal habeas courts employ a "look through" presumption: "the federal court should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale. It should then presume that the unexplained decision adopted the same reasoning." Wilson v. Sellers, 138 S. Ct. 1188, 1192 (2018) (Wilson).

Supreme Court precedent also limits the federal court's authority to award habeas relief. Unless pierced by one of two narrow exceptions: (1) new rules that are substantive rather than procedural, and (2) watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal

proceeding, the rule of nonretroactivity set forth in Teague v. Lane, 489 U.S. 288, 300-301 (1989) (plurality opinion), providing that the federal court cannot disturb a state court conviction based on a constitutional rule announced after a conviction is final, is applicable. Knight, 936 F.3d at 1331 (citing Schiro v. Summerlin, 542 U.S. 348, 352-53 (2004)) (quotations and citations omitted). The "threshold Teague analysis" must be conducted if properly raised by the state, and the state prisoner must clear both hurdles, deference mandated by AEDPA and the rule of nonretroactivity, to successfully obtain federal habeas relief. Knight, 936 F.3d at 1331 (citation omitted).

Thus, a state habeas petitioner is faced with two constraints, AEDPA's generally formidable barrier to habeas relief except in specified circumstances, and the general principle of nonretroactivity limiting the disturbance of a state conviction based on a constitutional rule announced after a conviction became final except in two narrow exceptions. Even if the petitioner satisfies the hurdle demanded by Supreme Court precedent, state-court judgments will not easily be set aside due to the applicability of the highly deferential AEDPA standard that is intentionally difficult to meet. See Richter, 562 U.S. at 102. Although AEDPA does not impose a complete bar to issuing a writ, it severely limits those occasions to those "where there is no

possibility fairminded jurists could disagree that the state court's decision conflicts" with Supreme Court precedent. Id. Application of the standard set forth in 28 U.S.C. § 2254(d) ensures that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, and not a mechanism for ordinary error correction. Richter, 562 U.S. at 102-103 (citation and quotation marks omitted).

## V. GROUND ONE

In his first ground, Petitioner raises a claim of the ineffective assistance of counsel for failure to move to withdraw an involuntary plea once appointed as conflict counsel. Petition at 6-7. Respondents assert this claim of ineffective assistance of counsel is unexhausted and procedurally defaulted as Petitioner did not raise the claim in his Rule 3.850 post-conviction motion. Response at 29-31. This Court recognizes that the claim raised in ground one is not a model of clarity, but the Court liberally construes Petitioner's pro se Petition, and after undertaking a careful review of the Rule 3.850 motion, Ex. O at 9-12, the Court finds Petitioner exhausted a claim of ineffective assistance of counsel in the state court system.

In the state court, Petitioner claimed his conflict counsel, M. Taylor, rendered ineffective assistance of counsel in failing to object to the court's rejection of a 12-month sentence and

imposition a 20-year prison sentence.  Id. at 10-11.  Petitioner

referenced a state case, Parker v. State, 616 So. 2d 1121, 1122

(Fla. 1st DCA 1993), "holding that counsel was ineffective for

failing to advise defendant that he could move to withdraw his

plea when it determined the guideline sentencing range was for a

longer sentence than that contemplated with the plea was entered."

Ex. O at 11.  Petitioner argued his plea was involuntarily entered,

his counsel's assistance was deficient and caused manifest

injustice, and, as such, he should be entitled to withdraw his

plea.  Id. at 11-12.

The state, in the State's Response to Defendant's Post-

Conviction Motion, set forth the two-pronged standard of review

for a claim of ineffective assistance of counsel.  Ex. O at 40.

See Strickland v. Washington, 466 U.S. 668, 687-88 (1984).  The

trial court, in an order, summarized Petitioner's claim as follows:

"counsel was ineffective for failing to object when the trial court

imposed a significantly greater sentence than Defendant believed

he would receive without affording him an opportunity to withdraw

his plea and proceed to trial."  Ex. O at 135.  The court

determined this ground was suitable to be set for an evidentiary

hearing.  Id.  After conducting an evidentiary hearing and hearing

testimony from Michelle Kalil (conflict counsel) and Petitioner,

the trial court rejected this claim for the reasons stated at the

evidentiary hearing, as well as the information and documents provided in the state's response. Id. at 141.

After hearing the testimony presented at the evidentiary hearing, the trial court made its credibility determination, finding Ms. Kalil's testimony to be credible and supported by her notes and the record. Id. at 201. The court found the record refuted Petitioner's recollections in many significant and important details. Id. The court also found Petitioner's testimony to be inconsistent. Id. at 202. The court found no credible evidence that Petitioner was promised a one-year sentence by anybody, and certainly not by his attorney. Id. The court found no deficient performance, and after making that finding, determined there was no need to address the prejudice prong. Id.

To prevail on a Sixth Amendment claim, a petitioner must satisfy both prongs of the two-pronged test set forth in Strickland, 466 U.S. at 688, requiring a petitioner show both deficient performance (counsel's representation fell below an objective standard of reasonableness) and prejudice (there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different). See Brewster v. Hetzel, 913 F.3d 1042, 1051-52 (11th Cir. 2019) (reviewing court may begin with either component). Moreover, to obtain habeas relief, a counsel's errors must be so great that

they adversely affect the defense. To satisfy this prejudice prong, the reasonable probability of a different result must be "a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

The standard created by Strickland is a highly deferential standard, requiring a most deferential review of counsel's decisions. Richter, 562 U.S. at 105. Not only is there the "Strickland mandated one layer of deference to the decisions of trial counsel[,]" there is the added layer of deference required by AEDPA: the one to a state court's decision. Nance, 922 F.3d at 1303. Thus,

> Given the double deference due, it is a "rare case in which an ineffective assistance of counsel claim that was denied on the merits in state court is found to merit relief in a federal habeas proceeding." Johnson v. Sec'y, DOC, 643 F.3d 907, 911 (11th Cir. 2011). And, for the reasons we have already discussed, it is rarer still for merit to be found in a claim that challenges a strategic decision of counsel.

Nance, 922 F.3d at 1303.

Furthermore, "[f]ederal habeas courts have 'no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them.'" Consalvo v. Sec'y for Dep't of Corr., 664 F.3d 842, 845 (11th Cir. 2011) (per curiam) (quoting Marshall v. Lonberger, 459 U.S. 422, 434

(1983)) cert. denied, 568 U.S. 849 (2012).  Here, the trial court found defense counsel's testimony credible.  Indeed, the trial court, based on the record and testimony of counsel, rejected Petitioner's claim of ineffective assistance of counsel.

For this Court's review of Petitioner's claims of ineffective assistance of counsel, it is significant that Petitioner had the benefit of experienced counsel: "[w]hen courts are examining the performance of an experienced trial counsel, the presumption that [her] conduct was reasonable is even stronger."  Cummings v. Sec'y for Dep't of Corr., 588 F.3d 1331, 1364 (11th Cir. 2009) (quoting Chandler v. United States, 218 F.3d 1305, 1316 (11th Cir. 2000)), cert. denied, 562 U.S. 872 (2010).  The Court has reviewed the evidentiary hearing testimony of both Petitioner and Ms. Kalil and the remainder of the transcript.  Ex. O at 167-203.  The transcript of the hearing reveals Ms. Kalil had been an assistant public defender for thirteen years and then practiced in her own law firm for approximately two years.  Id. at 171.  Thus, the record adequately shows Petitioner had the benefit of experienced criminal defense counsel.

After the trial court denied post-conviction relief, the 1st DCA per curiam affirmed.  Ex. S.  The mandate issued on December 22, 2016.  Id.

As the state court reasonably determined the facts and reasonably applied federal law to those facts in rejecting the claim of ineffective assistance of counsel, Petitioner is not entitled to habeas relief. The record shows the 1st DCA affirmed the decision of the trial court, and the Court presumes that the appellate court adjudicated the claim on its merits, as there is an absence of any indication of state-law procedural principles to the contrary. Since the last adjudication is unaccompanied by an explanation, it is Petitioner's burden to show there was no reasonable basis for the state court to deny relief.

The state court's ruling is entitled to AEDPA deference as its decision is not inconsistent with Supreme Court precedent, and the adjudication of this claim is not contrary to or an unreasonable application of Supreme Court law or based on an unreasonable determination of the facts. Petitioner is not entitled to habeas relief on ground one, the claim of ineffective assistance of counsel.

## VI. GROUND TWO

In his second ground for habeas relief, Petitioner claims the trial court erred in failing to confirm that Petitioner was personally aware of the consequences of his plea prior to the court's acceptance of the plea. Petition at 10. In his supporting facts, Petitioner states, at the time he entered his

plea, he did not understand the consequences of his plea, including that he qualified for habitual felony offender status and how that might affect him. Id. at 10. Petitioner asserts he did not understand the consequences of his plea despite the fact the state had served a written notice about seeking habitual status at the plea hearing and his attorney had sent him a written memorandum. Id. Petitioner contends the plea colloquy shows the court did not address Petitioner personally in open court. Id.

Petitioner exhausted this claim by raising it in his post-conviction motion. After conducting an evidentiary hearing, the trial court, denied relief. Ex. O at 141. First, the trial court set forth Petitioner's claim: "Defendant contends that his plea was involuntarily entered because he was never given an 'HFO colloquy' before he entered his plea and the State did not file its notice seeking the HFO designation until after his plea was entered." Id. The trial court denied the claim for the reasons stated on the record, as well as the information and documents provided in the state's response. Id.

On the record, the post-conviction court opined:

> Specifically, I do find that Mr. Rogers was properly and timely advised of the Habitual Offender Notice and its consequences. I believe Mr. Rogers at one point today did specifically admit that he knew that the State was seeking to habitualize him and that the

14

maximum – what the maximum sentence was for
            that.

Id. at 202.

     The record demonstrates the following.  The state filed a
Notice of Intent to Classify Defendant as a Habitual Felony
Offender (Notice) on November 3, 2010, the date of the plea
proceeding.  Ex. D; Ex. H at 36.  The Notice states that the state
will seek a penalty of thirty years in prison.  Ex. D.  The
prosecutor, at the inception of the plea proceeding, announced
that he had already provided a copy of the Notice to defense
counsel, and he was also providing a copy of the Notice to
Petitioner.  Ex. H at 38.  Thereafter, Petitioner's counsel, Ms.
Rachel Chewning, stated on the plea record that she had explained
the habitual offender notice to Petitioner.  Id.

     The record also shows Petitioner signed the Plea of Guilty
form.  Ex. C.  It specifically states Petitioner has been informed
of the range of maximum allowable punishments for each charge.
Id. at 1.  During the plea colloquy, the court asked Petitioner
if he had been over the blue plea form, and Petitioner responded
affirmatively.  Ex. H at 39.  Additionally, Petitioner confirmed
it was his signature on the form.  Id.  At the end of the plea
proceeding, the court commented that Petitioner was entitled to a

pre-sentence investigation as the state had filed a habitual felony offender notice. <u>Id</u>. at 40-41.

At the evidentiary hearing on the post-conviction motion, Ms. Kalil testified that, according to the record, Petitioner was provided written notice that the state was seeking habitual offender status. Ex. O at 177. Petitioner testified that Judge Morrow, or someone else, explained to Petitioner that if he were found to be a habitual felony offender, he could be sentenced to thirty years in prison. <u>Id</u>. at 190.

Thus, the record shows Petitioner was served with the habitual felony offender notice, counsel explained its meaning, and Petitioner knew that he faced a maximum sentence of thirty years. Therefore, Petitioner is not entitled to relief on this claim.

The trial court denied the post-conviction motion. The 1st DCA affirmed without an opinion and explanation. Ex. S. This decision, although unexplained, is entitled to AEDPA deference. Applying the look through presumption described in <u>Wilson</u>, the state court's ruling is based on a reasonable determination of the facts and a reasonable application of the law. Therefore, the Florida court's decision is not inconsistent with Supreme Court precedent, and the its adjudication of the claim is not contrary to or an unreasonable application of Supreme Court law or based on

an unreasonable determination of the facts.  Based on the above, ground two is due to be denied.

### VII.   GROUND THREE

In ground three of the Petition, Petitioner claims his counsel failed to meet Sixth Amendment standards by failing to offer any relevant assistance to Petitioner at sentencing.  Petition at 12. Petitioner asserts his counsel failed to set forth any argument or evidence in Petitioner's behalf at sentencing.  <u>Id</u>.  Petitioner also complains that his counsel made no objection and did not move to withdraw the plea when it became obvious that the trial court was not going to sentence Petitioner to twelve months in jail. <u>Id</u>.

Of import, the state court concluded Petitioner made an open plea of guilty, and, as a result, there were no negotiations or expectations of sentence.  Ex. O at 140.  The court found that defense counsel was not ineffective for failing to object for the reasons stated on the record of the evidentiary hearing, as well as the information and documents provided in the state's response. <u>Id</u>. at 141.

At the evidentiary hearing, Ms. Kalil testified there was no negotiated plea.  <u>Id</u>. at 173.  Ms. Kalil explained:

> There was never a 12-month county court agreement.  **Mr. Rogers asked me to request 12 months in the county jail based on mitigation**

17

> **in the case and based on his minimal
> involvement in the case.** That's what we
> requested, but I never indicated that there
> was an agreement because we never had an
> agreement.

Id. at 175 (emphasis added).

At sentencing, Ms. Kalil argued to the court that Petitioner had served ten months in jail and was hoping that a sentence of twelve months in jail would be an appropriate sentence based on his involvement in the case. Ex. O at 78. The prosecutor said he understood Petitioner's position was that he thought he was just doing a favor for the detectives, but he found Petitioner's stated reason for engaging in the conduct at issue unsupported by the audio tapes. Id. at 79. The court explained it too had listened to the audio tapes, and Petitioner's contention as to his involvement was not supported by the evidence. Id. at 79-80. The court specifically pointed out that, on the audio tape, Petitioner said he was trying to make a little money. Id. at 81. Although the court said it was giving all due respect to defense counsel, the court soundly rejected counsel's request for a twelve-month jail sentence for Petitioner. Id.

After the evidentiary hearing, the court found Ms. Kalil's testimony credible. Id. at 201. This Court will not re-visit the credibility determination as that is not within this Court's purview. The record shows the trial court found no credible

18

evidence that promises were made as to Petitioner receiving a one-year sentence.  Id. at 202.  In closing, the court found counsel's performance was not deficient in any manner.  Id.  Without satisfying the performance component, Petitioner could not prevail on his claim of ineffective assistance of counsel pursuant to Strickland.  The 1st DCA affirmed the decision of the trial court.

To the extent this claim was raised and addressed, the adjudication of the state court resulted in a decision that involved a reasonable application of clearly established federal law, as determined by the United States Supreme Court.  Petitioner is not entitled to relief on this ground because the state court's decision was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts based on the evidence presented in the state court proceedings.  Therefore, Petitioner's claim will be denied as AEDPA deference is due.  Alternatively, the record demonstrates Petitioner is not entitled to habeas relief on this claim.

## VIII.  GROUND FOUR

In ground four, Petitioner claims he was sentenced as a habitual felony offender without the required confirmation of habitual status.  Petition at 15.  This claim has no merit as it is refuted by the record.  The record shows qualifying prior felony

convictions existed.  Ex. F.  Petitioner stipulated he had been convicted of the crimes, although he did not stipulate he was a habitual offender.  Ex. O at 70-71.  The prosecutor submitted the judgments and sentences to the Clerk.  Id. at 71.  Relying on the stipulation and the judgments and sentences, the court found, by a preponderance of the evidence, Petitioner committed the offenses and Petitioner's release from supervision of the Department of Corrections was within five years of the offense date of the relevant case.  Id.  As such, the court properly classified Petitioner a habitual felony offender.  Id.  The record demonstrates Petitioner is not entitled to habeas relief as the claim has no merit.

Petitioner's contention that his counsel was ineffective for failure to challenge the habitualization is also without merit as there were no grounds to object since Petitioner qualified as a habitual felony offender.  At the evidentiary hearing, Ms. Kalil explained she found no basis to challenge the court's finding or to appeal the court's decision because Petitioner received a lawful sentence after being provided written notice that the state was seeking habitual felony offender classification.  Ex. O at 176-77.  Ms. Kalil testified there was nothing improper about the habitualization in terms of the prior convictions used or the

current charges he was facing being habitualized, and the sentence was legal.  Id. at 178.

To the extent Petitioner's claim was properly raised and addressed, AEDPA deference is due.  The trial court denied post-conviction relief, and the 1st DCA affirmed.  Ex. S.  The 1st DCA's affirmance is an adjudication on the merits and is entitled to deference under 28 U.S.C. § 2254(d).  Applying Wilson's look-through presumption, the rejection of the claim of ineffective assistance of counsel and the claim of improper habitualization was based on a reasonable determination of the facts and a reasonable application of Strickland.  Finally, the decision is not inconsistent with Supreme Court precedent nor is it contrary to Strickland.  In conclusion, Petitioner is not entitled to habeas relief on ground four and it is due to be denied.

Finally, and alternatively, the claim that the trial court sentenced Petitioner "without required confirmation of habitual status," presents an issue purely of state law that is not cognizable on federal habeas review.  This claim involves statutory interpretation of a state law by state courts, not a claim of constitutional dimension that Petitioner is in custody in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a).  Of import, the writ of habeas corpus under 28 U.S.C. § 2254 "was not enacted to enforce State-

created rights." Cabberiza v. Moore, 217 F.3d 1329, 1333 (11th Cir. 2000) (citing Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988)), cert. denied, 531 U.S. 1170 (2001).

The law in the Eleventh Circuit allows that only in cases of federal constitutional error will a federal writ of habeas corpus be available. See Jones v. Goodwin, 982 F.2d 464, 471 (11th Cir. 1993); Krasnow v. Navarro, 909 F.2d 451, 452 (11th Cir. 1990). Consequently, federal habeas relief does not lie for errors of state law. It is certainly not the province of this Court to reexamine state-court determinations on issues of state law. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). "This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is 'couched in terms of equal protection and due process.'" Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988) (quoting Willeford v. Estelle, 538 F.2d 1194, 1198 (5th Cir. 1976)).

The federal habeas corpus court will be bound by the Florida court's interpretation of its own laws unless that interpretation breaches a federal constitutional mandate. McCoy v. Newsome, 953 F.2d 1252, 1264 (11th Cir. 1992) (per curiam), cert. denied, 504 U.S. 944 (1992). Since this ground presents an issue that is not cognizable in this habeas proceeding, it cannot provide a basis for federal habeas corpus relief. Furthermore, there is no breach

of a federal constitution mandate and Petitioner is not entitled to federal habeas relief.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1.    The Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.

2.    This action is **DISMISSED WITH PREJUDICE.**

3.    The **Clerk** shall enter judgment accordingly and close this case.

4.    If Petitioner appeals the denial of his Petition for Writ of Habeas Corpus (Doc. 1), **the Court denies a certificate of appealability.**[3]    Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on

---

[3] This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004) (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n.4 (1983)).  Upon due consideration, this Court will deny a certificate of appealability.

appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 27th day of January, 2020.

_Brian J. Davis_
BRIAN J. DAVIS
United States District Judge

sa 1/22
c:
Andrew Lee Rogers
Counsel of Record